UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Matthew Davis, ) | C/A No. 2:05-679-24AJ |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **Report and Recommendation** |
| United States of America; ) | |
| Mr. Alberto Gonzales, U.S. Attorney General; ) | |
| Anna Mills S. Wagoner, U.S. Attorney for the ) | |
| Middle District of North Carolina; ) | |
| Jonathan S. Gasser, U.S. Attorney for the ) | |
| District of South Carolina; ) | |
| Barbara M. Bowens, Assistant U.S. Attorney for the ) | |
| District of South Carolina; and ) | |
| Warden, Charleston County Detention Center, ) | |
| Respondents. | |

The petitioner has filed this action pursuant to 28 U.S.C. § 2241.[1] Petitioner is incarcerated at F.C.I.-Butner in North Carolina, but is currently detained at the Charleston County Detention Center.[2] The petitioner has previously filed a motion to vacate, set aside, or correct his sentence

---

[1] The petition was signed "Matthew Davis by Stephanie Lewis". Underneath this signature it reads in typewritten letters "Matthew Davis, Pro Se #00270-131, Charleston County Detention Center". Below that (also typewritten) it reads: "Please send correspondence care of Stephanie Lewis, Attorney, 151 Meeting Street, Suite 600, Post Office Box 1806 (29402), Charleston, SC 29401 (843) 534-4252. Rule 11(a) of the Federal Rules of Civil Procedure states "Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual's name, or, if the party is not represented by an attorney, shall be signed by the party...[a]n unsigned paper shall be stricken...." The requirements of this rule have not been met. Nonetheless, it is unnecessary to strike the pleading since it has been recommended the matter be dismissed on the merits.

[2] The petitioner has another pending matter in this District, unrelated to the issues raised in the above-captioned matter. *See* Civil Action No. 2:02-78-24AJ. The petitioner was transported

1

pursuant to 28 U.S.C. § 2255.

The petitioner entered a plea of guilty to three counts of a six count indictment: conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(c)(1), 846; possession with intent to distribute crack cocaine within 1000 feet of an elementary school, in violation of 21 U.S.C. §§ 812, 841(a)(1), 860; and carrying and use of a firearm in connection with a drug trafficking offense, in violation of 21 U.S.C. § 924(c)(1).  He attempted to withdraw his guilty plea, however, the motion to withdraw was denied by the District Court, and the denial of the motion was affirmed by the Fourth Circuit Court of Appeals.  *See* U.S. v. Davis, 162 F.3d 1156 (4th Cir. 1998)(unpublished opinion).

While the petitioner's direct appeal was pending, his wife and child filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 "on behalf" of the petitioner.  A Magistrate Judge issued an order dismissing the petition without prejudice to Davis filing his own petition, reasoning that 1) the relief sought was proper only pursuant to 28 U.S.C. § 2255, 2) a Section 2255 petition, if filed, would be premature because petitioner's direct appeal was pending, and 3) because petitioner's wife and child were not proper parties to file an application for writ of habeas corpus. The District Court adopted the report and recommendation and Davis himself appealed to the Fourth Circuit Court of Appeals.  The Fourth Circuit dismissed for lack of standing since Davis was not a party to the original action.  *See* Davis v. Scott, 176 F.3d 805 (4th Cir. 1999).

---

to this District from FCI-Butner in order to be present for trial in C/A No. 2:02-78.  A settlement conference in that matter is currently scheduled for March 23, 2005.  It should be noted that Section 2241 petitions must be brought in the District "wherein the restraint complained of is had".  *See* 2241(a).
Consequently, this Court may not have jurisdiction to hear this matter since the petitioner is being held only in this District to attend the settlement conference.  It is not necessary to reach this question since the undersigned is recommending summary dismissal on other grounds.

Petitioner subsequently filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In that motion he alleged that his attorney's representation was ineffective such that his Constitutional right to counsel was violated. Petitioner stated in his motion to vacate that his attorney, Daniel Johnson, was a government informant because he was under investigation for criminal activity. Petitioner also alleged in his motion that Johnson was responsible for initiating the criminal proceedings in which he was employed to defend the petitioner, and he moved for recusal of the District Judge assigned to the case. *See* Davis v. U.S., 2002 WL 1009728 (M.D.N.C.. 2002), *appeal denied*, U.S. v. Davis, 55 Fed. Appx.192, 2003 WL 223433 (4th Cir. 2003)(unpublished opinion).

While his appeal of the denial of his Section 2255 motion was pending before the Fourth Circuit, petitioner filed a petition for writ of mandamus requesting that the Court of Appeals order the District Court to "assume jurisdiction of his equitable claim seeking injunctive relief effectuating an investigation" into the alleged misconduct of the Government and his trial counsel. That petition was also denied. *See* In re Matthew Davis, 47 Fed. Appx. 213, 2002 WL 31018249 (4th Cir. 2002)(unpublished opinion).

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951,

(1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## DISCUSSION

Petitioner's challenge is directed at the legality of his conviction and sentence. Such a challenge by a federal prisoner is properly brought pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241. *See* Davis v. Crabtree, 10 F. Supp.2d 1136 (D.C. Oregon 1998) *citing* Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990) (challenge to propriety of sentence must be brought under § 2255, while complaints about the manner of its execution are heard pursuant to § 2241). Congress enacted § 2255 "because pertinent court records and witnesses were located in the sentencing district (and it was) impractical to require these petitions to be filed in the district of confinement". Dumornay v. United States, 25 F.3d 1056, 1994 WL 170752 (10th Cir. (Colo.)). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas

corpus remedy". Dumornay, *supra, citing* United States v. Addonizio, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'". Dumornay, *supra, citing* Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied,* 377 U.S. 980 (1964).

If a prisoner's § 2255 motion is denied by a sentencing court, the denial itself is not sufficient to demonstrate that the § 2255 motion was inadequate, or ineffective. Williams, *supra*. *See also* In re Avery W. Vial 115 F.3d 1192 (4th Cir. 1997) (remedy afforded by § 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion); Atehortua v. Kindt, 951 F.2d 126 (7th Cir. 1991)(petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241).

In the above-captioned case, the petitioner does not set forth any *new* set of facts which could be construed to show that his § 2255 motion was inadequate or ineffective. The issues raised by petitioner appear to be identical to those already raised in his numerous other pleadings in District and Circuit Courts. Specifically, the petitioner alleges that his plea agreement was an implied contract, that was breached by the government. Petitioner alleges he agreed to provide information to the government regarding clandestine activities petitioner participated in with agents of the United States. In addition, petitioner claims that his attorney, Daniel S. Johnson, who was representing him in a pending state court matter "fraudulently induced" petitioner "into the informant contract with the United States..." *See* Petition @ 7. Petitioner states that Mr. Johnson and the United States

"fraudulently concealed Mr. Johnson's motivation for inducing the Petitioner into entering the contracts with the United States..." Id. @ 8. According to the petitioner, Mr. Johnson himself has entered into a plea bargain with the United States because he was "under investigation for criminal activity and was serving as a government informant. To advance his own agenda, Mr. Johnson was [according to the petitioner] instrumental in initiating the very criminal proceedings against Petitioner in state court for which he was employed to represent Petitioner." Id. @ 6. These allegations are substantially similar, if not identical to those raised in petitioner's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255.

In order to file a successive motion to vacate, set aside, or correct his sentence, the successive motion must be certified as provided for in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals. The petitioner must provide either 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255.

To the extent that petitioner has met these requirements, if at all, they must be presented to the Circuit Court, not the District Court. There is no indication, however, that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file another Section 2255 motion. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive or second § 2255 motions. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission)

from the United States Court of Appeals for the Fourth Circuit. Since the petitioner has failed to seek the permission of the Court of Appeals to file a second or successive Section 2255 motion, this court does not have jurisdiction to entertain the petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

In any event, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the above-captioned case, even if appropriate, should be dismissed because the petitioner has not exhausted his administrative remedies. With respect to his conviction, a remedy under 28 U.S.C. § 2241 could be sought only after the petitioner has exhausted his administrative remedies. *See* 28 C.F.R. §§ 542.10 through 542.16; *See also* Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court). Since the petitioner has not established that he has exhausted his administrative remedies, and has not shown, or even alleged that the exhaustion requirement would be inadequate, inefficacious, futile, or irreparably injure him, this matter must be dismissed pursuant to 28 U.S.C. 1915(d).

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that

the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

                                        Respectfully Submitted,

                                        S/Robert S. Carr

Charleston, South Carolina                     Robert S. Carr
                                                       United States Magistrate Judge

March 23, 2005